**Nicholas J Henderson, OSB #074027**
nhenderson@portlaw.com
**Troy G. Sexton, OSB #115184**
tsexton@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Phone: 503-417-0500
Fax: 503-417-0521

Of Proposed Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: <br><br> HEIRLOOM, INC., <br><br> Debtor. | Case No. 20-30272-tmb11 <br><br> DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL <br> (Motschenbacher & Blattner LLP) |

Heirloom, Inc., (the "Debtor"), as debtor-in-possession, hereby moves this Court for entry of an order authorizing it to employ Motschenbacher & Blattner LLP ("M&B") as its general bankruptcy counsel in this case. In support of this application, the Debtor represents:

**BACKGROUND**

1. On January 27, 2020, (the "Petition Date"), the Debtor filed herein a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in the management and possession of its business and properties as debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed in this case, and the United States trustee has not appointed an official committee of creditors.

Page 1 of 4   FIRST AMENDED APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00332984:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30272-tmb11    Doc 7    Filed 01/27/20

2. The Debtor is an Oregon corporation, incorporated and licensed in the state of Oregon. Debtor specializes in the design and construction of "tiny homes," sold to businesses and consumers locally and nationwide.

3. M&B commenced rendering prepetition bankruptcy services to the Debtor on November 12, 2019. The details concerning M&B's engagement as bankruptcy counsel, and the payments made to M&B in connection with that engagement, are disclosed in the accompanying Rule 2014 Statement.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and LR 2100-1. Consideration of this application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought by this application are sections 327(a) and 1107 of the Bankruptcy Code. Venue is proper under 28 U.S.C. § 1408.

## RELIEF REQUESTED

5. By this application, the Debtor seeks entry of an order, effective as of the Petition Date, authorizing it to employ M&B as its general bankruptcy counsel in this Chapter 11 case on an hourly basis. A proposed form of order is attached as **Exhibit 1**.

## POINTS AND AUTHORITIES

6. Subject to further order of this Court, and without being exhaustive, the Debtor proposes to engage M&B for purposes of (i) consulting with it concerning the administration of the case, (ii) advising it with regard to its rights, powers and duties as a debtor in possession, (iii) investigating and, if appropriate, prosecuting on behalf of the estate claims and causes of action belonging to the estate, (iv) advising it concerning alternatives for restructuring its debts and

Page 2 of 4    FIRST AMENDED APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00332984:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30272-tmb11    Doc 7    Filed 01/27/20

financial affairs pursuant to a plan or, if appropriate, liquidating its assets, and (v) preparing the bankruptcy schedules, statements and lists required to be filed by the Debtor under the Bankruptcy Code and applicable procedural rules.

7. The Debtor has selected M&B for the reason that it believes the firm is well qualified to represent it in this case. M&B has substantial expertise in matters relating to bankruptcy and business reorganizations.

8. The proposed rate of compensation, subject to this Court's approval, is the customary hourly rates in effect when services are performed by the attorneys and other firm personnel who provide professional services to the Debtor. The current hourly rates, which may be adjusted periodically, for persons presently designated to work on this case are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Nicholas J. Henderson | Partner | $425.00 |
| Troy G. Sexton | Associate | $350.00 |
| Jeremy Tolchin | Associate | $315.00 |
| Sean Glinka | Associate | $315.00 |
| Legal Assistants and Paralegals | Legal Assistant | $85.00 to $150.00 |

9. To the best knowledge of the Debtor, except as disclosed in the accompanying Rule 2014 Verified Statement for M&B, M&B does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge.

10. To the best knowledge of the Debtor, M&B is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the interests of the estate or of any class of creditors or equity security holders.

Page 3 of 4   FIRST AMENDED APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00332984:1}

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30272-tmb11    Doc 7    Filed 01/27/20

WHEREFORE, the Debtor requests entry of an order in the form attached hereto as **Exhibit 1**, effective as of the Petition Date, authorizing it to employ M&B as its general bankruptcy counsel in this Chapter 11 case in accordance with, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as the Court may allow under sections 330 and 331 of the Bankruptcy Code.

HEIRLOOM, INC.

DATED: January 26, 2020   /s/ Jeremy Killian
By: Jeremy Killian
Its: Member

Page 4 of 4   FIRST AMENDED APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00332984:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30272-tmb11    Doc 7    Filed 01/27/20

# EXHIBIT 1

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:

HEIRLOOM, INC.,

           Debtor.

Case No. 20-30272-tmb11

ORDER AUTHORIZING EMPLOYMENT OF COUNSEL FOR DEBTOR

(Motschenbacher & Blattner LLP)

     THIS MATTER having come before the Court on the application of Heirloom, Inc., Debtor-in-Possession ("Debtor"), for an order authorizing it to employ Motschenbacher & Blattner LLP ("M&B") as attorneys for Debtor [Docket No. ___] (the "Application") to represent the Debtor as debtor-in-possession herein; and the Court being advised that M&B represents no interest adverse to the Debtor as debtor-in-possession herein (except as disclosed in the second amended Rule 2014 Verified Statement on file herein) on the matters upon which the firm is to be engaged, that the firm's employment is necessary and would be in the best interest of the estate; and the Court being otherwise fully advised,

Page 1 of 2   ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY COUNSEL FOR DEBTOR (Motschenbacher & Blattner LLP)

{00332984:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30272-tmb11   Doc 7   Filed 01/27/20

IT IS HEREBY ORDERED as follows:

1) Debtor's Application is approved, and Debtor is authorized to employ the law firm of Motschenbacher & Blattner LLP as of the Petition Date as Debtor's Chapter 11 counsel to represent Debtor in conducting the case;

2) The terms and conditions of M&B's employment, as set forth in this Order and in the Bankruptcy Attorney/Client Fee Agreement attached as **Exhibit A**, are approved;

3) The $10,000 "risk fee" shall be credited to approved but unpaid fees to M&B for Chapter 11 services upon entry of an order confirming the plan and, in the event of a conversion of the case to one under Chapter 7, subject to a review for reasonableness and possible disgorgement as permitted under 11 U.S.C. §329

4) The Debtor shall pay said attorneys for their services, and shall reimburse expenses incurred by said attorneys, only upon the entry of an order of the Court approving such fees and expenses under 11 U.S.C §§ 330 and 331, and other applicable provisions of the Bankruptcy Code and Local Bankruptcy Rules. This Order shall be effective only if the firm to which it applies is a "disinterested person" as defined by 11 U.S.C. §101(14)

# # #

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0500
E-mail: nhenderson@portlaw.com
Of Proposed Attorneys for Debtor-in-Possession

**PARTIES TO SERVE**

**ECF Electronic Service:**
All parties registered to receive notice via CM/ECF.

**Service via First-Class Mail:**
NONE

Page 2 of 2   ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY
COUNSEL FOR DEBTOR (Motschenbacher & Blattner LLP)

{00332984:1}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30272-tmb11    Doc 7    Filed 01/27/20

# EXHIBIT A

# ENGAGEMENT MATERIALS

# BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
(Chapter 11)

**CLIENT:** Heirloom, Inc. AND Level 3 Homes & Design, LLC

**ATTORNEY:** Nicholas J. Henderson

**FIRM:** Motschenbacher & Blattner, LLP ("Firm")

**DATED:** January 26, 2020

Level 3 Homes & Design, LLC and Heirloom, Inc. (together, referred to as the "Client") desire to retain Attorney for, but not limited to, the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services, including (a) giving the Client legal advice with respect to its business operations; (b) assisting the Client in any proposed reorganization of its business; (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; and (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| Name | Status | Hourly Rate |
| --- | --- | --- |
| Nicholas J. Henderson | Partner | $425.00 |
| Troy G. Sexton | Associate | $350.00 |
| Jeremy Tolchin | Associate | $315.00 |
| Sean Glinka | Associate | $315.00 |
| Legal Assistants and Paralegals | Legal Assistant | $85.00 to $150.00 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum 0.10 hour increments. Client will be provided with itemized monthly statements for services rendered and expenses incurred, which will be mailed on approximately the 10th of each calendar month.

**Fees**.   Attorney and Client agree that the actual fees to be incurred in the case are difficult to predict, because of a variety of factors, many of which are not within the control of Attorney or Client.  Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees for reasonableness.  The Bankruptcy Court may reduce the amount of the fees billed in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fees based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded.  If the Bankruptcy Court requires a reduction in the amount of any fees charged, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply.

In recognition of the risk that exists in any Chapter 11 case that the Chapter 11 case may not be successful and, if not successful, that the case will be converted to Chapter 7, and in further recognition that Attorney will have the obligation to provide services to the Client during the course of a Chapter 7 case in the event of conversion to Chapter 7, Client desires to provide payment for such risk in advance.  Client and Attorney acknowledge that current bankruptcy law prohibits payment of the Attorney for Chapter 7 services from the funds of a Chapter 7 bankruptcy estate.  Client and Attorney reasonably agree and project that the fees likely to be incurred by Attorney in a converted Chapter 7 case will likely not be less than **$10,000**.  In recognition of such potential future liability, Client and Attorney agree that a sum of **$10,000** is reasonable advance compensation to Attorney for the risk assumed by Attorney of services to be performed in a possible future Chapter 7 case.  Attorney and Client further agree that the sum of **$10,000** shall be allocated from the retainer paid to compensate Attorney for the risk of providing services in a future Chapter 7 case, and that such **$10,000** shall be deemed earned on receipt by Attorney as payment for the risk of having to perform services in a potential future Chapter 7 case.

Further provided that upon the occurrence of the Effective Date of any confirmed plan of reorganization in Debtor's case, the "Risk Fee" shall be credited to any approved but unpaid Chapter 11 fees owing to Attorney, and any unused amount will be refunded to the Debtor.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.  The retainer amount shall be **$60,000**, which includes the amount of the filing fee for Chapter 11.  As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client.  Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc.  The Attorney's "Expense Policy Statement" is attached as Exhibit "A."  A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all

Chapter 11 debtors. A copy of the US Trustee's fee schedule is attached. Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney.

All professionals must also be approved by the Bankruptcy Court before starting work, or the Court will deny payment to the professional. Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for completing said form and delivering it to the Attorney's office not later than the 14th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign. If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income. Additionally, Client acknowledges that Attorney may request that payment be made on a monthly basis, and Client agrees to make such monthly payments if authorized by the Bankruptcy Court.

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination.  Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval.  Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship.  Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship.  If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time.  Most problems should be rectifiable through such communication.  However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street.  Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers.  Attorney will therefore endeavor to keep Client informed of Client's matters as they progress.  Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys.  Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

[SIGNATURES TO APPEAR ON FOLLOWING PAGE]

The undersigned parties agree to the foregoing terms as of the date set forth below.

DATED: January 26, 2020

ATTORNEY:                                        CLIENT:

MOTSCHENBACHER & BLATTNER, LLP       HEIRLOOM, INC.

By:    /s/ Nicholas J. Henderson             By: /s/ Jeremy Killian
     Nicholas J. Henderson, Partner            Jeremy Killian, President

                                                                   LEVEL 3 HOMES & DESIGN, LLC

                                                                   By: /s/ Jeremy Killian
                                                                        Jeremy Killian, Member

Attachments:                                                    Initial If Rec'd:

      A.     Expense Policy Statement (Exhibit A)       JK

      B.     U.S. Trustee Quarterly Fee Schedule          JK

# EXHIBIT "A"

Attorney's Expense Policy Statement

Photocopies:          $0.10 per page (in house)

Fax:          Incoming No Charge; outgoing (including long distance) at actual telephone charges.

Outside Services:          All outside entity bills are charged at actual cost.

Postage:          Postage, express mail and other overnight delivery or air courier services are charged at actual cost.

Long Distance:          Long distance telephone charges are billed to Clients at actual cost.

Computerized Research:          Actual (i.e., invoiced) cost. Time associated with computerized research to be specifically identified on attorney time detail.

Travel:          Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions.

Other Personnel Charges:          Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm.

Pacer:          Actual cost ($0.10 per page).

Other:          Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
                                         ) Case No. _____
                                         )
                                         ) RULE 2014 VERIFIED STATEMENT
Debtor(s)                                ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

**Continuation Statement No. 13**

1. Attorneys and staff at Applicant's firm, Motschenbacher & Blattner LLP ("M&B"), may have social or other professional relationships with Bankruptcy Court judges, the Clerk of the Bankruptcy Court, clerks and/or staff of the Bankruptcy Court, employees of the office of the United States Trustee, other federal employees, and individuals who are members of law firms involved in this case or who are employed by creditors or other parties in interest. Other than with respect to the United States Bankruptcy Court for the District of Oregon and the Office of the U.S. Trustee or as otherwise outlined herein, M&B has conducted no investigation of its attorneys or staff members' employment, banking, insurance, brokerage or investment activities or familial connections in preparing this statement.

2. M&B does not have banking relationships with any of the creditors in the case.

3. Pacific Office Automation is a creditor in the case. M&B purchases office equipment from Pacific Office Automation and has an open account as an ongoing customer for copier supplies. Balances are paid to zero on a monthly basis.

4. O'Neills Tools, Inc. is a creditor in the case. M&B formerly represented the principal of O'Neills Tools, Inc., Mike O'Neill, in a completely unrelated matter.

**Continuation Statement No. 21**

1. Jeremy Killian, Ryan Donato, Level 3 Homes & Design, LLC, and Level 3, LLC all executed a Continuing Guaranty dated July 15, 2019, in favor of Franklin Capital Group, LLC. up to $1,600,000 (actual liability disputed).

2. Jeremy Killian and Ryan Donato executed guaranties dated March 23, 2019, in favor of Bleecker Family Trust, in the amount of $282,000.

3. Jeremy Killian and Ryan Donato executed guaranties dated March 23, 2019, in favor of Lance Evic, in the amount of $282,000.

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing **DEBTOR'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)** was provided to the following parties through the Court's Case Management/Electronic Case File system:

- US Trustee, Portland   USTPRegion18.PL.ECF@usdoj.gov

I further certify that on the date set forth below, a true and correct copy of the above-described document was sent to the following parties via first class mail, postage prepaid:

None.

DATED: January 27, 2020                MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtor

Page 1 of 1    CERTIFICATE OF SERVICE

{00333295:1}

Case 20-30272-tmb11    Doc 7    Filed 01/27/20

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com